**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Tobbie Steele, Jr., et all.,** | ) | **CASE NO. 1:13 CV 1814** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Super-Lube, Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon plaintiffs' Motion for Leave to File Amended Complaint (Doc. 20). For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

**Facts**

On August 16, 2013, plaintiffs Tobbie Steele and Carl Elliott filed this Class and Collective Action Complaint against defendants Super-Lube, Inc. and Farootan Tavakoli under the FLSA and Ohio law alleging overtime violations (Counts One and Two), breach of contract (Count Three), and retaliation (Counts Four and Five). The breach of contract claim alleged that

1

"the terms of compensation established by defendants and circulated to their employees promised the employees they would be paid not only wages, but also commissions based on productivity and quarterly incentives." Defendants breached the terms of compensation by failing to pay plaintiffs commissions in many instances in which commissions were owed. (Compl ¶ 67, 69)

At the November 5, 2013 Case Management Conference, this Court set a date of January 15, 2014 as a deadline for the amendment of pleadings. A Status Conference was held on February 4, 2014. Plaintiff informed the Court through a status report that

> Based on the initial exchange of discovery requests and responses, plaintiffs intend to seek leave of Court to assert, in the alternative, an additional liability claim against defendant. The additional claim under consideration is factually related to existing claims and would not require additional discovery time. Given the individualized nature of plaintiffs['] claims for unpaid wages and commissions, plaintiffs do not intend to seek certification of a class under Rule 23.

This Court indicated in its notes that the additional claim was for fraudulent concealment. This Court also instructed plaintiffs to send defendants' counsel a copy of their proposed amended pleading in the hopes of a possible consent to such. About a week later, plaintiffs sent defendants a proposed amended pleading, but defendants responded that they could not stipulate to the proposed addition of the claims for fraudulent concealment, promissory estoppel, and unjust enrichment because they viewed them as futile. Defendants did not state the basis of this view, but stated that it would be explained in a separate letter. The parties then engaged in a conference call and, on February 23, plaintiffs sent defendants a second proposed amended pleading. The next day, defendants responded that they still considered the amended pleading to be futile and followed up with a letter a week later explaining their bases.

On March 10, 2014, plaintiffs filed the present motion with the proposed First Amended

2

Complaint.  Plaintiffs indicate that it omits the class allegations under Rule 23 based on a decision not to seek certification of the class and allege, in the alternative, three new claims for unpaid commissions or bonuses.  These claims include fraudulent concealment (Count Six), Promissory Estoppel (Count Seven), and Unjust Enrichment (Count Eight).  The First Amended Complaint retains the original breach of contract claim.

Defendants opposed the motion with the exception of consenting to the abandonment of the Rule 23 class allegations.

### **Standard of Review**

Consideration of a motion to amend filed after the deadline set in the Court's scheduling order entails a two step process under Rules 16(b) and 15(a). *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).  Accordingly,

> [A] district court should freely give leave to amend the pleadings when justice so requires. However, when a plaintiff moves to amend the complaint after the deadline established by a scheduling order, the plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will even consider whether amendment is proper under Rule 15(a).

*Ross v. American Red Cross,* - Fed.Appx.-, 2014 WL 289430 (6th Cir. Jan. 27, 2014) (internal citations and quotations omitted). "In order to demonstrate good cause, the plaintiff must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Id.* (citing *Leary*, 349 F.3d at 906).

### **Discussion**

Plaintiffs assert that their original Complaint alleged breach of contract based on defendants' failure to pay promised commissions under the terms of compensation established

by defendants. The proposed amended pleading retains this claim but adds three alternative claims for recovery of the unpaid commissions (fraudulent concealment, promissory estoppel, and unjust enrichment) "insofar as defendants disavow" contractual liability. The proposed pleading refers to language on Super-Lube's website regarding commissions and plaintiffs allege that they were also informed of such compensation terms during interviews, in postings, and in hand-outs. Plaintiffs further allege that defendants are now relying on an Employment Acknowledgment Form to avoid paying the commissions. Plaintiffs argue that their new claims may be plead in the alternative and are legally cognizable.

Defendants assert that plaintiffs have been dilatory given the deadlines discussed herein and that all of the facts allegedly supporting the new claims were known to plaintiffs prior to the initial filing of this case with none of the new allegations being revealed in Super-Lube's discovery disclosures or responses. And plaintiffs "practically concede that there never was a written contract to substantiate their breach of contract claim, so they are now pursuing these 'alternative theories' in a last-minute attempt to salvage their claim for unpaid commissions and bonuses." (Doc. 21 at 5) The Court does not find plaintiffs to have been dilatory given the notice of their intention to file the pleading only a month before, the fact that the parties exchanged communications over the proposed pleadings in the interim time, and the fact that counsel learned from defendants' responses to the initial discovery requests of the Employment Acknowledgment Form.

Defendants further contend that they would be unfairly prejudiced by the amendment at "this late juncture" given that the new claims do not involve a jury trial, it is too late to formally issue additional written discovery, and new depositions would likely be necessary regarding

4

verbal statements and promises allegedly made to plaintiffs. Such discovery would likely not be completed by the April 15 deadline. But, plaintiffs assert that little, or no, additional discovery would be necessary as the principal documents have already been requested by the parties in discovery and those documents will be the primary focus in depositions. Defendants acknowledge that they have "requested to schedule key party depositions." Thus, depositions do not need to be re-opened.

Defendants argue that even if just cause is demonstrated, amendment would be futile for the following reasons.

Defendants point to the Employment Acknowledgment Form received by employees upon their hire which states certain disclaimers: "I acknowledge that no written policy is a contract or other legal guarantee...", "I further understand that this Handbook is not intended in any way to create an employment contract. My employment…is at-will.", "I also realize that the policies in the employee handbook are under continual review and are subject to change at Super-Lube, Inc./ABS warehouse, Inc.'s discretion.", and "Any such change in the terms must be in writing and signed by the President...". Based on this language indicating that defendants could have unilaterally changed the policies, defendants assert there could be no reasonable reliance by plaintiffs given that no automatic expectation of commission or other incentive earnings ever existed.

Defendants also point to Ohio law stating that where employment disclaimers expressly state that an individual is employed at-will, there can be no claim of an employment contract. Furthermore, justifiable reliance, an essential element to plaintiffs' three new claims, cannot be shown where plaintiffs allege that they continued to work for Super-Lube although they received

5

the acknowledgment form.  Rather, plaintiffs' choice to continue to work for defendants shows that they acquiesced to the terms of the handbook and acknowledgment form that they received after they were hired. On this basis, plaintiffs cannot establish that Super-Lube made any legally binding or enforceable promises that they were guaranteed the commissions.

The Court agrees with plaintiffs that the language in the acknowledgment form does not preclude the new claims which are based on alleged representations and promises of defendants in the website, postings, and hand-outs, and not in the employee handbook.  While the form states that policies in the employee handbook were subject to change, plaintiffs' allegations are based on descriptions on the website, in employee postings, and hand-outs.  Had plaintiffs' claims been for wrongful discharge or continued employment rather than for compensation previously earned, the statements in the acknowledgment form regarding at-will employment may have been applicable. Finally, as plaintiffs point out, the acknowledgment form states that "Any such change in the terms must be in writing and signed by the President."  Thus, even if the descriptions of the compensation structure on the website were subject to change, defendants have not demonstrated that they changed the terms, or that the change was in a writing signed by the president.

Defendants additionally argue that the breach of contract and equitable claims are generally mutually exclusive and may not be asserted together.  Indeed, Ohio law recognizes that a plaintiff may not recover under the theory of unjust enrichment or quasi-contract when an express contract covers the same subject. *Randolph v. New England Mut. Life Ins. Co.,* 526 F.2d 1383 (6th Cir. 1975).  But, courts have allowed fraud and breach of contract claims where the fraud claim was based on defendant's intention not to perform the contract at the time it was

6

entered into and the contract claim was based on defendant's non-performance, *King-Mazon v. Risk Industries, Inc.,* 2013 WL 5781176 (N.D.Ohio Oct. 25, 2013). It has also been recognized that in cases involving claims between parties to a contract, unjust enrichment may be plead in the alternative when the existence of an express contract is in dispute. *Resource Title Agency, Inc. v. Morreale Real Estate Services, Inc.,* 314 F.Supp2d 763 (N.D.Ohio 2004).

Further, defendants contend that the statements in the website are vague, ambiguous, and show that payments were discretionary. On this basis, plaintiffs cannot point to a specific promise regarding the payment of commissions. The Court declines to examine, at this point, the alleged statements and whether they were merely illusory.

Finally, defendants assert that fraud is not plead with particularity as plaintiffs do not specify the who, what, when, where, or how of the statements. Plaintiffs do not specifically respond to this argument. Of course, Fed.R. 9(b) requires that a party must state with particularity the circumstances constituting the alleged fraud. Ohio law holds that such circumstances "include the time, place and content of the false representation; the fact represented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of the fraud." *ISHA, Inc. v. Risser,* 2013 WL 2316248 (Ohio App. 3rd Dist.May 28, 2013) (citations omitted).

The Court finds that the First Amended Complaint does not specify, at a minimum, who informed plaintiffs of the compensation terms during interviews and what specifically they were told then. Nor is the specific content of representations made in the postings and hand-outs described, or when these were posted or delivered and by whom. As such, the fraudulent concealment claim could not withstand a motion to dismiss and is, therefore, futile.

For these reasons, plaintiffs' Motion for Leave to File Amended Complaint is granted as to claims for promissory estoppel and unjust enrichment, but denied as to fraudulent concealment.

**Conclusion**

For the foregoing reasons, plaintiffs' Motion for Leave to File Amended Complaint is granted in part and denied in part.

   IT IS SO ORDERED.

                              /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              United States District Judge

Dated; 4/14/14